IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IRENE BECERRA,** *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.: 4:21-cv-1924 |
| **TOSHIBA INTERNATIONAL CORPORATION,** *Defendant*. | § § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Irene Becerra (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Toshiba International Corporation (hereinafter referred to as "Toshiba" or "Defendant"), and for causes of action files this Plaintiff's Original Complaint, showing to the Court the following:

### I. PARTIES

1. Plaintiff is an individual residing in Needville, Fort Bend County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant is a Foreign For-Profit Corporation having offices and its principle place of business at 13131 West Little York Road, Houston, Texas 77041. They may be served through their registered agent CT Corp System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which

is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's principal place of business exists.

### III. NATURE OF THE ACTION

5. This is an action brought pursuant to Title VII to correct and recover for Defendant's unlawful racial discrimination, sex/gender discrimination, hostile work environment, sexual harassment, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On April 16, 2021, Plaintiff filed a Charge of Discrimination (Charge No. 460-2021-02801) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission (hereinafter referred to as the "TWC") against Defendant for race discrimination, hostile work environment and retaliation. Attached as Exhibit A.

7. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated April 30, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed. Attached as Exhibit B.

### V. FACTS

8. Plaintiff was hired by Defendant on March 25, 2013, as a Marketing Communications Manager.

9. On May 13, 2015, Ms. Becerra filed a workplace harassment with Human Resources due to the harassing behavior of Dale Schoeck. In her complaint to the company Ms. Becerra described that Schoeck used a pre-text of building a website as a hobby to obtain her personal email address and the proceeded to stalk her and harass her at work and at home. She described that she had "told him several times in person to stop and leave me alone. He refuses to listen. I do not feel comfortable coming to work and cannot perform my tasks with peace of mind." The company offered no resolution and Ms. Becerra was forced to continue to work with Schoeck on several projects.

10. On April 9, 2018, Ms. Becerra was promoted as the Marketing Communications Manager, however, Toshiba did not fill her former position at which point she was forced to work both roles with the same pay rate.

11. On July 25, 2019, Ms. Becerra was "Anonymously" chosen for an interview with Affiliated Monitors Inc. (hereinafter "AMI") a third-party investigator company and Eric Feldman. AIM was doing an internal review on Toshiba's work environment. In this interview Ms. Becerra reported Mark Laber's and John Rama's targeted actions of bullying and harassment and also to discuss both of her managers Kyle Kem (hereinafter "Mr. Kem") and Pablo D'Agostino (hereinafter "Mr. D'Agostino") who were being accused of fraudulent activities.

12. In September of 2019, AMI investigation reports their finding from their interviews to Toshiba. No matter the results of the investigation, Toshiba's work environment does not improve.

13. On October 23, 2019, Ms. Becerra gave a marketing presentation in which Mr. Laber embarrassed her and berated Ms. Becerra in front of her peers regarding one of the videos which she included in Spanish. She later received an email from Mr. Laber where he said "learn

to listen. I said no Spanish. I don't need you challenging my request…" This is only one instance in which Ms. Becerra was subjected to a hostile work environment.

14. In November of 2019 Ms. Becerra's manager, Mr. Kem, was let go due to his involvement in fraudulent activities. Ms. Becerra's department, MARCOM, now reports to the President Koichi Yanabe (hereinafter "Mr. Yanabe"). On November 8th, Mr. Yanabe admits to there being fraudulent activities at Toshiba. Approximately a week later November 15th, Mr. Yanabe admits that Toshiba has a <u>toxic workplace environment</u> via email. The issues included "harassment, intimidation, favoritism and widespread fear of retaliation for raising issues and concerns." November 19, 2019 Mr. Yanabe places MARCOM under the leadership of HR led by Chad Reed (hereinafter "Mr. Reed"). Mr. Reed informs them to treat Mark Laber with "Child-proof Gloves" which further demonstrates that Toshiba knew Mr. Laber was an issue.

15. On March 3, 2020, MARCOM was then transferred under the leadership of manager Duncan Kane (hereinafter "Mr. Kane") brought in by the corporate office Toshiba America, Inc. (hereinafter "TAI") and assigned as temporary head of HR. Mr. Kane was aware of all the issues with Mr. Laber and Toshiba's work environment.

16. On March 26, 2020 Ms. Becerra offered to return to her Web Manager Position full-time; however, the request was declined without an explanation. On April 15, 2020 Ms. Becerra had a meeting with Mr. Reed, Mr. Kane, and Alexis (last name unknown) regarding toxic behavior from Mr. Laber. For the next ten (10) months, there were several discussions with Mr. Kane regarding Mr. Laber and Mr. Rama's toxic behavior.

17. On January 18, 2021 Ms. Becerra was informed that she was being terminated as her team was no longer considered of value and that the position was being eliminated due to Toshiba's restructure. On January 20, 2021 however, the Web Manager position was offered to

Luis Dieguez and later on her other position as Marketing Coordinator was posted to Toshiba's Career Site with the same job duties and descriptions. On January 21, 2021 Duncan informs Ms. Becerra's team of their layoffs in their department.

18. February 4, 2021 Ms. Becerra was offered a severance package which she does not believe is a fair or reasonable and hopes to be able to discuss a more reasonable severance pay amount through us as her representatives.

## VI. CAUSES OF ACTION
### COUNT 1
### RACE DISCRIMINATION
### PURSUANT TO TITLE VII

1. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

2. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race.

3. Ms. Becerra is a Hispanic woman, which, in the situation described above and for the purposes of Title VII, makes her a member of a protected class.

4. She was qualified for her position as she was fulfilling the role of her promotion and the role of her previous position which Toshiba did not fill.

5. She was subjected to an adverse employment action when she was terminated but not before experiencing discrimination at the hands of Mr. Laber who purposefully berated her for using a Spanish video during a presentation.

6. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's race, in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-2(a).

## COUNT 2
## RACE DISCRIMINATION
## PURSUANT TO § 1981

7. Plaintiff hereby incorporates by reference all of the foregoing allegations in each of the paragraphs above as though fully set forth herein.

8. Defendant intentionally engaged in unlawful discriminatory practices against Plaintiff because of her race.

9. Ms. Becerra suffered years of sexual harassment and the company did nothing to stop it or address it. She also underwent countless harassments by Mr. Laber who interrupted her presentation to assure that she addressed him as "Mr. Laber". He yelled at her and berated her in front of her peers at different company functions. John Rama held a feedback session while under the influence where he berated Ms. Becerra. She took on two roles in the company without additional compensation, her bonuses were affected by Mr. Laber and Mr. Rama's treatment of Ms. Becerra. Mr. Laber and Mr. Rama believed they could treat her this way because of Ms. Becerra's race.

10. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's employment status because of Plaintiff's race, in violation of 42 U.S.C. § 1981.

## COUNT 3
## SEX/GENDER DISCRIMINATION
## PURSUANT TO TITLE VII

11. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

12. Plaintiff is a female, which, in the situation described above and for the purposes of Title VII, makes her a member of a protected class.

13. Plaintiff was clearly qualified for her position at Toshiba, which the absence of any disciplinary or similar record will show.

14. Plaintiff was subject to sexual harassment as well as harassment from her supervisors. Mark Laber and John Rama targeted actions of bullying and harassment towards Plaintiff. They did not treat any male employees in similar positions the same way.

15. Plaintiff was treated differently from other employees of Toshiba because of her sex.

16. No action was ever taken by Defendant to remedy or stop the harassing behavior of Dale Schoeck towards Plaintiff.

17. As such, Defendant discriminated against Plaintiff on the basis of sex by taking an adverse employment action against her, which action was never taken against similarly situated non-members of Plaintiff's protected class.

## COUNT 3
## HOSTILE WORK ENVIRONMENT AND HARRASSMENT

18. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

19. Through its unlawful and discriminatory employment practices including racial discrimination, sex/gender discrimination, hostile work environment, sexual harassment, and retaliation, Defendant subjected Plaintiff to a hostile work environment.

20. Defendant targeted and bullied Ms. Becerra in a severe and pervasive manner to create a work environment that any reasonable person would consider intimidating and hostile.

21. Therefore, Plaintiff was discriminated against by Defendant by being subjected to hostile work environment, contrary to the applicable law of the United States, as interpreted in the relevant precedent of the Supreme Court and the Fifth Circuit.

22. Plaintiff was also subjected to unwelcome sexual harassment at the hands of Dale Schoeck in her workplace at Toshiba.

23. Dale Schoeck's harassing behavior was severe, persistent, and repetitive, which subjectively caused Plaintiff to suffer unwarranted stress in the workplace and objectively goes beyond what a reasonable person would find tolerable.

24. Dale Schoeck's harassing behavior was directed at Plaintiff solely because Plaintiff was a female.

## COUNT 4
## RETALIATION PURSUANT TO TITLE VII

25. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

26. Defendant intentionally retaliated against Plaintiff because of the complaints of racial discrimination, hostile work environment, sexual harassment, and retaliation made to Defendant in violation of Title VII.

### XII.  JURY DEMAND

27. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

### XIII.  PRAYER

28. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint;

b. Compensatory damages, including, but not limited to, emotional distress;

c. Past, present, and future physical pain and mental suffering;

d. Punitive damages;

e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of Court; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Cristabel Jimenez
Texas Bar No. 24096165
Southern District No. 3644269
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
cristabel.jimenez@kennardlaw.com