United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IRENE BECERRA, § § *Plaintiff*, § § v. § § TOSHIBA INTERNATIONAL CORPORATION, § § *Defendant.* § | CIVIL ACTION NO. 4:21-cv-1924 |

## MEMORANDUM AND RECOMMENDATON

Plaintiff Irene Becerra filed this suit on June 11, 2021 against Defendant Toshiba International Corporation asserting claims pursuant to Title VII and 42 U.S.C. § 1981 for race and sex discrimination, retaliation, and harassment. ECF 1. After Toshiba filed an Answer (ECF 4) and the Court issued a Docket Control Order (ECF 8), Plaintiff filed a Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), stating she plans to file a new lawsuit in state court. ECF 9. Defendant opposes the Plaintiff's motion and asks the Court to dismiss the case with prejudice, arguing it will suffer legal prejudice if Plaintiff is allowed to refile her claims in state court. Alternatively, Defendant asks that if Plaintiff's motion is granted, the Court award Defendants $13,560.50 for fees and expenses expended in the federal court litigation. Having considered the parties' submissions and argument of counsel at a video hearing on December 1, 2021, the Court recommends that Plaintiff's Motion be GRANTED on the conditions set forth herein, and Defendant's request for fees be DENIED.[1]

---

[1] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 12.

**I.      Rule 41(a)(2)**

Federal Rule of Civil Procedure 41(a)(2) provides:

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to dismiss an action pursuant to Rule 41(a)(2) rests within the sound discretion of the trial court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). The Fifth Circuit has "explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (citations omitted).

The Court is authorized to place conditions on Plaintiff's voluntary dismissal to prevent unfair prejudice to the Defendant. *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Typically, prejudice occurs when the voluntary dismissal (1) comes at a late stage of the proceedings; (2) seeks to avoid an imminent adverse ruling; or (3) may deprive the defendant of a limitations defense. *Id.* Fifth Circuit authority "holds that before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss." *In re FEMA Trailer*, 628 F.3d at 163.

**A.      The case is at an early stage.**

This case was filed in June 2021. Defendant filed its Answer and a Corporate Disclosure Statement in July. The parties submitted a Joint Discovery Case Management Plan in September

and the Court issued a Docket Control Order without requiring the parties to attend an initial conference. ECF 6-8. The parties have exchanged Rule 26 initial disclosures and Defendant has propounded written discovery requests and a proposed protective order.

The Court has held no hearings in the case. The parties have taken no depositions, no expert discovery, and filed no motions other than the one now before the Court. The current discovery deadline is July 1, 2022 and the docket call is set for September 8, 2022. Contrary to Defendant's suggestion in its Response (ECF 10), the Court finds that this case is in the relatively early stages of litigation.[2] *See Freeny v. Apple Inc.*, Civil Action No. 2:13-cv-00361, 2014 WL 4954541, at * 7 (E.D. Tex. Oct. 1, 2014) (denying dismissal without prejudice where case was pending for a year and half and substantial pretrial proceedings and discovery had taken place, including briefing and hearings on discovery disputes and briefing and preparation for a claim construction hearing). This factor weighs in favor or granting Plaintiff's motion.

### B. Plaintiff is not facing an imminent adverse ruling.

As noted above, there are no other pending motions in this case. Defendant has filed an Answer and there is no imminent dispositive motion deadline, much less imminent adverse ruling. This factor weighs in favor of granting Plaintiff's motion.

### C. Defendant will not suffer clear legal prejudice.

Defendant argues that dismissal without prejudice may deprive it of a statute of limitations defense. ECF 10 at 4. In *Elbaor*, the Fifth Circuit held that "absolute loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes the granting of an unconditional

---

[2] As of June 30, 2021, in the Southern District of Texas, the average time from filing to disposition for civil cases was 8.7 months and the average time from filing to trial was 21 months. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2021.pdf (last visited November 23, 2021.

dismissal." 279 F.3d at 318. Here, the Court is not convinced that Defendant will suffer an absolute loss of a statute of limitations defense if Plaintiff's motion to dismiss is granted and she files a case in state court.

Defendant has raised the defense that Plaintiff's complaints are time-barred because they were not brought within 300 days as required by 42 U.S.C. § 2000e-5 and were not timely raised in her Charge of Discrimination. *Id.* In *Elbaor*, the plaintiffs refused to disclose where they intended to refile their case, and the Defendants would have been deprived of their limitations defense if plaintiffs refiled negligence claims in a state whose statute of limitations period for negligence exceeded the Texas statute. In this case, Plaintiff represents that she intends to refile her lawsuit against Toshiba in Texas state court and presumably will allege state law claims which will not be subject to removal. Plaintiff's state law claims would be governed by the same statute of limitations whether asserted in this case or filed in state court. The fact that her state law causes of action may have different statutes of limitations than her Title VII and § 1981 causes of action does not deprive the Defendant of its right to assert any applicable statute of limitations defenses it may have with respect to the Title VII and § 1981 claims.

Defendant also contends that if Plaintiff is allowed to proceed in state court it will lose the benefit of a ruling in another case, *Toshiba Inter'l Corp. v. Joseph et al.*, Civil Action No. H-19-CV-4274 (ECF 382), regarding the privileged nature of an investigative report that is referenced in Plaintiff's Complaint. *See* ECF 10 at 5. But, Plaintiff may seek a more favorable ruling on this issue whether it is in this Court or state court. It is speculative to presume prejudice on this basis.

In addition, Defendant argues it will be prejudiced by the loss of the protections of a Federal Rule of Evidence 502(d) Order and Protective Order that the parties negotiated and were preparing for entry in this case at the time Plaintiff filed her Motion. Rule 502(d) permits a federal court to

order that a privilege or protection is not waived by disclosure connected to litigation pending before the Court. "Rule 502(d) was intended to protect disclosures made in the context of discovery." *Olaoye v. Wells Fargo Bank NA*, No. 3:12-CV-4873-M-BH, 2013 WL 6912691, at *2 (N.D. Tex. Dec. 30, 2013). Defendant raises a valid concern. However, any prejudice from this can be alleviated by Plaintiff's agreement to be bound by the same Rule 502(d) protections and protective order provisions in any state court litigation. On the record in open court, counsel for all parties stipulated that they would be bound by Rule 502(d) and the Protective Order in any state court litigation related to Plaintiff's employment with Toshiba.

The possibility that a plaintiff may gain a tactical advantage does not justify the denial of a voluntary dismissal. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016). The Court finds that Defendant has not shown legal prejudice sufficient to justify denial of the Plaintiff's Motion for Voluntary Dismissal without prejudice, and that any prejudice can be cured by the stipulation set forth above.

## II.     Rule 41(d)

Federal Rule of Civil Procedure 41(d) provides that if a plaintiff voluntarily dismisses an action and then refiles the same claim against the same defendant, the court may order the Plaintiff to pay all or part of the costs of the prior action. Defendant argues that it has incurred attorney's fees in the amount of $13,560.50 for work that is specific to federal court requirements and procedures that would not or will not be useful in state court. ECF 10 at 5-7. Rule 41(d) does not mention attorney's fees, but courts have held that reasonable attorney's fees may be included in "costs" imposed upon a plaintiff who voluntarily dismisses an action and then refiles her claims in state court. *Goodrum v. United States*, Civil Action No. 92-3538, 1993 WL 432346, at *3 (E.D. La. Oct. 14, 1993) (citing cases). Payment of costs and fees as a condition of dismissal without

prejudice "are most commonly imposed when a plaintiff seeks to dismiss her case at a late stage, after the defendant has invested substantial time and effort." *Mock v. St. David's Healthcare P'ship, L.P., LLP*, No. A-19-CV-611-RP, 2021 WL 75699, at *5 (W.D. Tex. Jan. 8, 2021).

The reasons for awarding fees in the cases cited by Defendant, *Goodrum* and *Roor Int'l BV v. Stinky's Smoke Shop, LLC*, Civil Action No. 4:18-cv-00735, 2020 WL 7863857, *5 (E.D. Tex. Dec. 30, 2020), are not present here. In *Goodrum*, plaintiff's counsel based his motion for dismissal without prejudice on the fact that plaintiff was out of the country, counsel could not contact him, and was therefore unable to prosecute his case. 1993 WL 432346 at *1. The Court granted the voluntary motion to dismiss. However, unbeknownst to the court or defendant, on the same day he filed the motion for voluntary dismissal, plaintiff filed a petition asserting his claims in state court. Upon learning of the state court case, defendant successfully moved the federal court to set aside the voluntary dismissal. Plaintiff moved the court to reconsider its decision to reinstate the case. The federal court granted plaintiff's motion for reconsideration but ordered that the decision would be stayed until plaintiff paid "costs, expenses, and attorney's fees directly connected to the handling of these proceedings to date." *Id.* at *3.

In *Stinky's Smoke Shop*, the parties litigated in federal court for two years despite certain plaintiffs knowing that they lacked standing to pursue the claims they sought to voluntarily dismiss. *Id.* at 6-7. The court found certain of plaintiffs' misrepresentations to the court during the litigation "egregious." *Id.* at 7. Under those circumstances, the *Roor* court determined that dismissal with prejudice was warranted, gave plaintiffs the option to withdraw the motion, and ordered that if the Court entered an order for dismissal with prejudice defendants would be permitted to seek costs, expenses, and fees at the conclusion of the case. *Id.* at 8.

There is no reason to believe Plaintiff has made any misrepresentation to the Court or the Defendant and while Plaintiff may perceive some tactical advantage to proceeding in state court, this is not a reason to deny her motion. Some of the work defense counsel has performed to date, such as preparing initial disclosures and discovery requests, will likely be adaptable for use in state court. The Court finds that payment of $13,560.50 in fees is not a proper condition for dismissal without prejudice in this case.

### III. Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF 9) be GRANTED based on the binding stipulation of the parties entered on the record at the hearing on December 1, 2021 that in any future state court litigation related to Plaintiff's employment with Toshiba the parties will be bound by the "Order Pursuant to Federal Rule of Evidence 502(d)" submitted as Exhibit E to Defendant's Response (ECF 10-6) and the "Agreed Protective Order" submitted as Exhibit D to Defendant's Response (ECF 10-5).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on December 02, 2021, at Houston, Texas.

                                                           Christina A. Bryan
                                                        United States Magistrate Judge